## OWENS v. OWENS.

Court of Appeals of Kentucky.
June 1, 1951.

Francis D. Burke, Francis M. Burke, Pikeville, for appellant.

L. D. May, Pikeville, for appellee.

CAMMACK, Chief Justice.

Raymond and Geneva Owens were married in 1947. In March, 1949, Mrs. Owens sought a divorce on the grounds of cruel and inhuman treatment, and custody of the couple's son, who was then one year of age. She asked also for $50 a month for the child's support. In October, 1949, the parties filed an agreement in which Mrs. Owens waived all claim for alimony and support and agreed that her husband have custody of the child. In January, 1950, Mrs. Owens asked that the agreement be set aside. She also filed a second amended petition, charging abandonment as an additional ground for divorce. In March, the appellant filed an answer and counterclaim wherein he sought a divorce on the grounds of lewd and lascivious conduct on the part of his wife. He charged also that she was not a fit and proper person to have charge of the child. The chancellor awarded Mr. Owens a divorce on his answer and counterclaim and gave Mrs. Owens custody of the child.

The judgment presents a rather unusual situation. We are not prepared to say there was insufficient evidence to support the granting of a divorce to the husband. Actually, Mrs. Owens may not have been guilty of immorality, but her conduct and her relations with at least two other men certainly laid her open to suspicion. We think it was error to award the custody of the boy, who was approximately two years of age at the time of the entry of the judgment, to Mrs. Owens.

According to Mrs. Owens' counsel, an entirely different situation is presented now. Mrs. Owens has remarried and has a comfortable home, and Mr. Owens is in the Army. Under those conditions it is highly probable that the chancellor would be warranted at this time in awarding the custody of the child to Mrs. Owens, if it be shown that she is a person of fit character and with suitable means to provide for its care.

That part of the judgment relating to the custody of the child is reversed, with directions to set it aside, and for proceedings consistent with this opinion.